1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ASHLEY A. CLEMENT,

                                    Plaintiff,

        v.

ACCOUNTS RECEIVABLE, INC., et al.,

                                    Defendants.

No.  2:21-CV-1023-BJR

ORDER SETTING TRIAL DATE AND
RELATED DATES

The Court has reviewed the Joint Status Report and Discovery Plan ("JSR") submitted by

the parties.  Dkt. No. 24.  Because the parties were not able to agree on several matters discussed

in the JSR, the Court issues this Order to address the parties' areas of disagreement and to

establish a case schedule.

**A.      Limitations on Discovery**

The Court orders the following limitations on discovery:

• Each party is limited to 10 interrogatories to any other party (this limitation was

  agreed to by the parties).

• Each party is limited to 10 requests for production to any other party (Plaintiff had

  proposed a limitation of 5 and Defendants had proposed a limitation of 25).

ORDER - 1

- Each party is limited to 5 requests for admission to any other party (as proposed by Plaintiff).

As proposed by Defendants, the Court declines to set any limitation on depositions beyond the limitations in the Federal Rules of Civil Procedure and the Local Civil Rules.

**B.      Phasing of Motions**

Plaintiff suggests that discovery should be completed prior to filing dispositive motions, and has indicated that she would agree not to file a dispositive motion if Defendants were to agree to limit discovery as suggested by Plaintiff.  Defendants suggest that the parties should remain free to file dispositive motions at any appropriate time pursuant to the Federal and Local Rules.  The Court agrees with Defendants and declines to require that discovery must be completed prior to filing any dispositive motions.

**C.      Bifurcation**

The Court adopts Plaintiff's proposal to bifurcate the trial between liability and damages.

**D.      Pretrial Statements and Pretrial Orders**

Plaintiff suggests that the Court should dispense with pretrial statements and the pretrial order to conserve judicial resources.   Defendants suggest that the decision on whether to require pretrial statements and a pretrial order be deferred until after discovery closes and dispositive motions (if any) are decided by the Court.

The Court's Standing Order for All Civil Cases ("Standing Order") requires the parties to submit a Joint Pretrial Statement no later than 28 days prior to the trial date.  Dkt. No. 11 at 7. The Court typically does not require the parties to submit a Pretrial Order (as provided by the Local Civil Rules) in addition to the Joint Pretrial Statement required by the Standing Order.  In

ORDER - 2

addition, the Standing Order provides that no trial briefs are allowed unless specifically ordered by the Court.

The Court declines Plaintiff's proposal to dispense with the Joint Pretrial Statement required by the Standing Order because the Joint Pretrial Statement provides information that will likely be needed in this case to prepare for and conduct an orderly trial. The Court also declines Defendants' proposal to defer a decision on whether to require the Joint Pretrial Statement until discovery is completed and dispositive motions (if any) are decided. However, as set forth in the case schedule below, the Court will modify the provisions of the Standing Order to require the Joint Pretrial Statement to be submitted 21 days before the trial date, rather than 28 days before the trial date.

**E.    Case Schedule**

The parties propose that discovery should be completed by February 18, 2022. Plaintiff proposes an expedited trial schedule, with trial as early as March 2022. Defendants do not agree to an expedited trial schedule, but indicate that they anticipate being ready to try the case in May 2022, with the proviso that Defendants' counsel is unavailable from May 20-27, 2022.

The Court declines to set the trial date in March 2022 as proposed by Plaintiff. However, in the interest of ensuring that this matter can be tried in early May 2022, the Court will adopt the provisions set forth below:

- The Court will set the discovery deadline for February 11, 2022, which is a week earlier than the date proposed by the parties.

- The Court will set the dispositive motions filing deadline for the same date as the discovery deadline.

ORDER - 3

- For any dispositive motions filed after the date of this Order, the parties shall adhere to the following briefing schedule:  Any opposition to a dispositive motion shall be filed no later than FOURTEEN (14) days after a dispositive motion is filed. Any reply in support of a dispositive motion shall be filed no later than SEVEN (7) days after an opposition has been filed.[1]  The parties should note that this provision is a modification to the requirements of the Standing Order.

- Any opposition to a motion in limine must be filed no later than SEVEN (7) days after a motion in limine is filed.  The parties should note that this provision is a modification to the requirements of the Standing Order.

The Court sets the case schedule as follows:

| JURY TRIAL DATE | May 9, 2022 |
|---|---|
| Deadline for joining additional parties | October 29, 2021 |
| Deadline for filing amended pleadings | November 19, 2021 |
| Reports from expert witnesses under FRCP 26(a)(2) due | January 21, 2022 |
| Discovery completed by | February 11, 2022 |
| All dispositive motions must be filed by | February 11, 2022 |
| All motions in limine must be filed by | April 15, 2022 |
| Joint pretrial statement | April 18, 2022 |
| Pretrial conference | April 25, 2022 at 10:30 a.m. |
| Length of jury trial | 3 days |

[1] For any dispositive motions that were filed before the date of this Order (i.e., Defendants' recently filed Motion to Dismiss Plaintiff's State Law Claims, Dkt. No. 32), the parties shall follow the briefing schedule for motions that is set forth in the Standing Order.

ORDER - 4

As a final matter, the Court reminds the parties to review and follow the requirements of the Court's Standing Order, and to follow the modifications to the Standing Order discussed above.

Dated:  October 15, 2021

Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER - 5